UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

FOX HAVEN OF FOXFIRE
CONDOMINIUM IV ASSOCIATION, INC.,

    Plaintiff,

vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

COMES NOW the Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), by and through its undersigned counsel, and gives notice of removal of this action from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers division, and states as follows:

1.    Nationwide is a defendant in a civil action brought against it in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, styled <u>Fox Haven of Foxfire Condominium IV Association, Inc. v. Nationwide Mutual Fire Insurance Company</u>, Case No. 11-2013-CA-001277-0001-XX. Nationwide is the only defendant in that case. A true and correct copy of all documents that were served upon Nationwide in the Circuit Court action are attached hereto as Exhibit A.

{26414418;1}

2. Venue is proper in the Fort Myers division of the Middle District of Florida, as Collier County is located within said division pursuant to the Local Rule 1.02(b)(5) of the United States District Court for the Middle District of Florida.

3. In the state court action, Plaintiff asserts claims for unfair claims practices pursuant to sections 624.155 and 626.9541, Florida Statutes, regarding Nationwide's handling of a hurricane damage claim under a property insurance policy issued by Nationwide to Plaintiff. See Exhibit A. As a result, Plaintiff alleges that it was required to incur costs as a result of Nationwide's actions or inaction, and seeks recovery of "actual and compensatory damages, consequential damages, interest and pre-judgment interest, costs, attorney fees, disgorge all unlawful or illegitimate monies Defendant profited from its bad faith claims handling practices of unfair insurance claims practices utilized against its insured including but not limited to, any interest or monies Defendant made from such unlawful or illegitimate monies, as well as any other damages and relief that is deemed just and proper by this Court." Exhibit A, Complaint at ¶ 62.

## BASIS FOR REMOVAL

4. This Court has original jurisdiction over the action under the provisions of 28 U.S.C. § 1332, and the action can be removed to this Court by the Defendant, pursuant to 28 U.S.C. § 1441 and § 1446 because 1) the action is between citizens of different states and 2) the action is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### Citizenship of Parties

5.     Upon information and belief, Plaintiff is a resident of Florida. <u>See</u> Exhibit A, Complaint at ¶2.

6.     Nationwide is a foreign corporation. Specifically, Nationwide is a corporation organized and existing pursuant to the laws of the State of Ohio, with its principal place of business in the State of Ohio, and is therefore deemed to be a citizen of the State of Ohio pursuant to 28 U.S.C. § 1332(c)(1). <u>See</u> Nationwide's 2013 Foreign Profit Corporation Annual Report filed with Florida Secretary of State, attached hereto as Exhibit B; <u>see also,</u> Exhibit A, Complaint at ¶ 3.

7.     There is complete diversity of citizenship, as Plaintiff is a citizen of Florida, while Defendant is a citizen of Ohio.

### Amount in Controversy

8.     Where a plaintiff pleads an unspecified amount of damages, a defendant need only establish, by a preponderance of the evidence, that the total amount in controversy more likely than not exceeds the jurisdictional threshold. <u>See</u> <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).

9.     Plaintiff seek various categories of damages exceeding $15,000.00 in this case. <u>See</u> Exhibit A, Complaint, at ¶¶ 1, 62 and the *ad damnum* clause. Specifically, Plaintiffs asserts that its damages include: (1) actual damages; (2) compensatory damages; (3) interest and pre-judgment interest; (4) costs; (5) attorney fees; (6) disgorgement of "all unlawful or illegitimate monies Defendant profited from its bad faith claims handling

practices or unfair insurance practices"; and (7) any other damages deemed just and proper by the Court. Exhibit A, Complaint at *ad damnum* clause.

10. While the amount of these claimed damages are not specified, Plaintiff is seeking in excess of $75,000 in this suit. Specifically, Plaintiff is seeking to recover the attorney's fees and costs it incurred in pursuing the underlying claim for insurance benefits. Plaintiff, in its December 30, 2010 Civil Remedy Notice of Insurance Violation ("CRN") alleged that Nationwide's alleged bad faith conduct "forced [it] to retain legal counsel to represent its interests in this cause and is obligated to pay a reasonable fee for services rendered pursuant to Florida Statute section 627.428." Exhibit A, Complaint at Exhibit B.

11. The "cause" referenced in Plaintiff's CRN was the legal proceeding instituted by Plaintiff regarding the appraisal of the underlying insurance claim, i.e. Fox Haven of Foxfire Condominium IV Association, Inc. v. Nationwide Mutual Fire Insurance Company, Case No. 10-5914CA (20th Judicial Circuit in and for Collier County, Florida) (the "Underlying Action").

12. In the Underlying Action, Plaintiff identified and claimed entitlement to attorney's fees and costs totaling $65,717.92. See Exhibit 2 to Petitioner's Answers to Attorney's Fees Interrogatories, attached hereto as Exhibit C.

13. Plaintiff dismissed the Underlying Action before obtaining a ruling on its claims for attorney's fees and costs and now seeks those same attorney's fees and costs as part of its damage claim in this action. See Exhibit A, Complaint at ¶ 62 and the *ad damnum* clause (alleging that Plaintiff was required to incur costs as a result of Nationwide's alleged

inaction, including the retention of Plaintiff's counsel, and identifying a claim for fees under section 627.428); and Exhibit B to Complaint.

14. In addition to seeking the $65,717.92 in attorney's fees and costs identified in the Underlying Action, Plaintiff seeks recovery of the amounts it paid to its public adjuster in pursuit of the underlying insurance claim: "Nationwide's refusal and/or failure to treat Fox Haven fairly and honestly, and promptly tender insurance benefits required Fox Haven to retain a <u>claim professional</u> to extract owed insurance benefits." Exhibit A, Complaint at ¶ 57(C) (emphasis added). <u>See also</u> Exhibit A, Complaint at ¶ 14 (Plaintiff hired a public adjuster after Nationwide refused to pay additional insurance benefits).

15. Based on the contract between Plaintiff and its public adjuster, Plaintiff's public adjuster was entitled to receive 25% of the insurance benefits recovered by Plaintiff after Plaintiff's retention of the public adjuster. A copy of Plaintiff's contract with its public adjuster is attached hereto as Exhibit D. Plaintiff was paid approximately $313,974.58 by Nationwide as a result of the appraisal award entered regarding the underlying claim on or about August 4. 2011. Accordingly, the public adjuster's fee sought by Plaintiff as part of its damages in this action totals approximately $78,493.65, i.e., 25% of $313,974.58.

16. As illustrated by the foregoing, the combined amount of the attorney's fees, costs and public adjuster fees that Plaintiff seeks to recover as part of its damages in this action are $144,211.57 – well in excess of the jurisdiction amount without even taking into consideration the additional elements of damages claimed by Plaintiff in this action.

### Timeliness of Removal

17. Plaintiff served the instant complaint on Nationwide on May 8, 2013. See Exhibit A. Nationwide is entitled to remove the claim within 30 days of service. Therefore, the removal is timely.

10. Accordingly, this Court has original jurisdiction over the action under the provisions of 28 U.S.C. § 1332(a).

11. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

12. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

13. A copy of this notice will be filed with the clerk of the Circuit Court in and for Collier County, Florida, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Nationwide Mutual Fire Insurance Company, hereby removes this case to the United States District Court for the Middle District of Florida.

Respectfully submitted,

**AKERMAN SENTERFITT**
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
Email: mark.shapiro@akerman.com
Email: antonio.morin@akerman.com

By: _____
Mark S. Shapiro, Esq.
Florida Bar Number: 894631
Antonio D. Morin, Esq.
Florida Bar Number: 0187860

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 24th day of May, 2013, to Kelly L. Kubiak, Esq., Merlin Law Group, P.A., 777 S. Harbour Island boulevard, Tampa, FL 33602.

_____
Attorney