UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:  2:13-cv-399-FtM-29UAM

FOX HAVEN OF FOXFIRE
CONDOMINIUM IV ASSOCIATION,
INC.,

      Plaintiff,

vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

      Defendant.
_____/

**DEFENDANT NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S EMERGENCY MOTION TO STAY MAGISTRATE'S ORDER AND SUPPORTING MEMORANDUM OF LAW**

      Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), by and through its undersigned counsel, hereby files its emergency motion to stay the Magistrate's November 14, 2014 Order [D.E. 53] granting in part Plaintiff's Motion to Compel better responses to Plaintiff's Interrogatories and Requests for Production, and requiring Nationwide to comply with order by today, November 20, 2014.  The Magistrate's Order denied Nationwide's request for the entry of a protective order regarding documents Nationwide objected to producing on various  grounds, including that the documents requested constituted confidential, proprietary and/or trade–secret protected material.  In addition, the Magistrate's Order overruled ordered Nationwide to produce certain documents identified in its privilege log for which Nationwide asserted the attorney-client privilege.  Because the Magistrate's Order calls for Nationwide to comply with the order by November 20, 2014, Nationwide files the instant emergency motion for stay and, in further support thereof, states as follows:

{29932635;1}

1.	Pursuant to the Magistrate's Order dated November 14, 2014, Nationwide must produce to Plaintiff today (November 20, 2014) various items for which Nationwide objected to producing without the benefit of a protective order on confidentiality grounds (i.e., proprietary/trade-secret and otherwise confidential material) as well as various items for which Nationwide asserted the attorney-client privilege.

2.	Nationwide is in the process of preparing its Objections and Motion to Review the Magistrate's Order.  Nationwide's objections are due to be filed by November 28, 2014. Nationwide continues to maintain (in addition to its other objections to discovery) that the documents for which it objected to producing on confidentiality grounds, i.e., without the benefit of a protective order, are, and should be, subject to protection and that the items for which it asserted the attorney-client privilege should not be subject to production.  Accordingly, Nationwide intends to seek review of the Magistrate's Order.

3.	If Nationwide is required to produce the documents before the District Court is able to rule on its objections, any decision by the District Judge that the documents are protected from discovery or should only be produced subject to a protective order would effectively be meaningless.  Disclosure of attorney-client privileged information and/or information for which Nationwide maintains a claim of confidentiality will cause irreparable harm not remediable after the fact.  Nationwide therefore requests that this Court stay the Order under review until ruling on the objections has been granted.

4.	This Motion is being made in good faith and not for purposes of delay.

5.	A stay will preserve the status quo for the Court's ruling on Nationwide's Objections.  Moreover, a short stay for a ruling on Nationwide's objections should not cause any

prejudice.[1]  In contrast, the production of the subject documents would cause irreparable injury and prejudice to Nationwide.

6.	The Motion is designated as an Emergency given today's deadline to produce the documents and otherwise comply with the Magistrate's Order.  See <u>Ellison v. Windt</u>, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001) (movants should caption the motion as an emergency if it requires attention before expiration of a pending deadline).

### **CERTIFICATE OF COMPLIANCE WITH RULE 3.01(g)**

The undersigned counsel hereby certifies that he has conferred with counsel for Plaintiff and the Plaintiff does not consent to the relief requested.

Respectfully submitted,

**AKERMAN LLP**
One Southeast Third Avenue, 25th Floor
Miami, FL  33131-1704
Phone:  (305) 374-5600
Fax:  (305) 374-5095
Email:  mark.shapiro@akerman.com
Email:  antonio.morin@akerman.com

By: /s Antonio D. Morin
    Mark S. Shapiro, Esq.
    Florida Bar Number:  894631
    Antonio D. Morin, Esq.
    Florida Bar Number: 0187860

---

[1] While the discovery deadline is scheduled to expire today, November 20, 2014, the Magistrate indicated in the subject Order that it would not be inclined to extend the discovery deadline on account of the Magistrate's Order and Plaintiff has not requested an additional extension of the November 20, 2014 discovery deadline.  Moreover, Nationwide, regardless of the rulings on its forthcoming objections, will not be seeking to extend the discovery deadline or any other associated court deadlines on account of the Magistrate's Order or any rulings on its forthcoming objections to the Magistrate's Order.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 20th of November, I filed a true and correct copy of the foregoing with the Court's CM/ECF system, which will send an electronic notice of filing to: kkubiak@merlinlawgroup.com, ssmith@merlinlawgroup.com; fbradley@merlinlawgroup.com, and snales@merlinlawgroup.com  Kelly L. Kubiak, Esq. and Shane Smith, Esq., Merlin Law Group, P.A., 777 S. Harbour Island Boulevard, Tampa, FL 33602.

                                       s/ Antonio D. Morin
                                       Attorney