UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FOX HAVEN OF FOXFIRE
CONDOMINIUM IV ASSOCIATION,
INC.,

    Plaintiff,

v.                                    Case No: 2:13-cv-399-FtM-29CM

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Objections to Magistrate's Order on Plaintiff's Motion to Compel (Doc. #58) filed on November 28, 2014. Plaintiff filed a Response (Doc. #59) on December 15, 2014. Defendant objects to certain portions of the Magistrate Judge's November 14, 2014 Order (Doc. #53) which granted in part Plaintiff's Motions to Compel (Docs. ##33-34). For the reasons set forth below, Defendant's objections are overruled.

**I.**

Plaintiff Fox Haven of Foxfire Condominium IV Association, Inc.'s (Fox Haven) Amended Complaint (Doc. #17) alleges one count of unfair claims practices against Defendant Nationwide Mutual Fire Insurance Company (Nationwide) regarding its handling of Fox Haven's 2005 claim for damages caused by Hurricane Wilma. On September 17, 2014, Fox Haven moved to compel better responses to

its first request for production and its first set of interrogatories. (Docs. ##33-34.) On November 14, 2014, the Magistrate Judge granted the motions to compel in part and directed Nationwide to produce certain documents and to supplement its answers to certain interrogatories. (Doc. #53.) Additionally, the Magistrate Judge denied Nationwide's request for a protective order, noting that while Nationwide had requested a protective order in its response to Fox Haven's motions to compel, Nationwide never actually moved for a protective order and failed to work with Fox Haven on the issue of confidentiality until after Fox Haven notified Nationwide of its plan to move to compel. (Id.)

Nationwide objects to the Magistrate Judge's determination (1) that three allegedly-privileged documents concerned business (as opposed to legal) advice and therefore must be produced; and (2) that documents concerning Nationwide's internal quality assurance reviews, bonus and incentive program, claims reports, and monthly trend reports were relevant[1] and must be produced. Nationwide also argues that the Magistrate Judge's denial of their request for a protective order was erroneous because the Magistrate Judge incorrectly concluded that they never sought a protective

---

[1] Nationwide also argues that the Magistrate Judge erroneously concluded that Nationwide did not object to the relevancy of certain documents. However, the Magistrate Judge made an independent relevancy determination for each category of documents ordered to be produced. (Doc. #53.) Thus, Nationwide's objection must be overruled unless the Magistrate Judge's relevancy determination was clearly erroneous or contrary to the law. As set forth in this Order, the Court concludes that it was not.

order and failed to confer with Fox Haven on the issue of confidentiality.

**II.**

Pretrial orders are not subject to a *de novo* review. See Merritt v. International Broth. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981).[2]  Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter to determine if it was clearly erroneous or contrary to law.

Upon review, the Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to the law.  Concerning the three allegedly-privileged documents, the Court finds no clear error in the Magistrate Judge's conclusion that the documents concerned business advice relating to coverage under an insurance policy.  Additionally, the Magistrate Judge's determination that such documents are not protected by the attorney-client privilege was not contrary to the law.  Genovese v. Provident Life & Accident Ins. Co., 74 So. 3d 1064, 1068 (Fla. 2011).  Likewise, the Court finds no clear error in the Magistrate Judge's determination that documents concerning Nationwide's internal quality assurance reviews, bonus and incentive program, claims reports, and monthly trend reports are relevant and must be produced.  See Allstate

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Indem. Co. v. Ruiz, 899 So. 2d 1121, 1129-30 (Fla. 2005) (noting the broad scope of discoverable material relevant to allegations that an insurer failed to process claims in good faith).

Finally, the Court concludes that the Magistrate Judge's decision to deny Nationwide's request for a protective order was neither clearly erroneous nor contrary to the law.  Magistrate Judges are "afforded broad discretion in issuing nondispositive pretrial orders related to discovery," Howard v. Hartford Life & Acc. Ins. Co., No. 10-CV-192, 2012 WL 3069384, at *2 (M.D. Fla. July 26, 2012), and courts have denied requests for protective orders where, as here, the need for a protective order was not brought to the court's attention until after a party moved to compel production, see, e.g., Laughon v. Jacksonville Sheriff's Office, No. 06-CV-692, 2007 WL 1247305, at *2 (M.D. Fla. Apr. 30, 2007).

Accordingly, it is hereby

**ORDERED:**

Defendant's Objections to Magistrate's Order on Plaintiff's Motion to Compel (Doc. #58) are **OVERRULED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of December, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record